UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | CRIMINAL NO. 20-cr-10024-DPW |
| | ) | |
| ANGEL CELADO, | ) | |
| Defendant | ) | |

## DEFENDANT'S MOTION TO WITHDRAW GUILTY PLEA

Now comes the defendant under Federal Rule of Criminal Procedure 11(d)(2)(B) and hereby moves to withdraw his plea of guilty. The Government assents to the motion.

### Bases for Withdrawal

1) The defendant has a "fair and just reason for requesting the withdrawal" under Fed.R.Crim.P. 11(d)(2)(B); specifically, Mr. Celado and the government wish to renegotiate the plea agreement. This may result in a more favorable sentence for Mr. Celado.

2) The Government does not oppose this motion.

### Relevant Facts and Procedural History

Angel Celado pleaded guilty on June 3, 2021, to a one count indictment, charging Conspiracy to Distribute and Possess with Intent to Distribute Fentanyl and Cocaine Base, under 21 U.S.C. 846. The plea occurred pursuant to a signed agreement under Fed.R.Crim.P. 11(c)(1)(C) (see Doc. No. 121). Mr. Celado has not been sentenced.

### Argument for Withdrawal

#### The Defendant Must be Permitted to Withdraw his Plea, as there is Fair and Just Reason for Doing So

Even when a plea has been accepted by the court, it may be withdrawn prior to sentencing when "the defendant can show a fair and just reason for requesting

1

the withdrawal." Fed.R.Crim.P. 11(d)(2)(B). The court "should liberally allow" withdrawal of guilty pleas in these circumstances. *United States* v. *Mescual-Cruz*, 387 F.3d 1, 6 (1st. Cir. 2004). The Court has not yet imposed a sentence.

A recent policy change in the United States Department of Justice (DOJ) seeks to treat offenders who deal crack-cocaine and powder cocaine equally. As the law stands, people who are convicted of dealing crack-cocaine are punished more harshly than people convicted of selling cocaine in powder form (See generally U.S.S.C §2D1.1(c), Drug Quantity Table).

On September 28, 2021, the United States House of Representatives voted in favor (361 to 66) of the so-called "EQUAL Act." <u>Eliminating a Quantifiably Unjust Application of the Law Act of 2021, H.R. 1693, 117th Congress (2021)</u>. The EQUAL Act addresses disparities in the treatment between defendants charged with drug offenses involving crack cocaine and powder cocaine. The bill is designed to "eliminat[e] increased penalties for cocaine offenses where the cocaine involved is cocaine base." <u>Id. at §2.</u> The Act calls for retroactive application. <u>Id. at §2(c)(2)</u>. The DOJ "strongly supports the legislation, for we believe it is long past time to end the disparity in sentencing policy between federal offenses involving crack cocaine and those involving powder cocaine." <u>Statement of U.S. Department of Justice, Before the United States Senate Committee on the Judiciary For a Hearing entitled "Examining Federal Sentencing for Crack and Powder Cocaine," June 22, 2021</u>. In the spirit of the DOJ's support for the Act, the United States Attorney's Office for the District of Massachusetts has begun to reassess its treatment of defendants who face charges involving crack-cocaine.

The crime to which Mr. Celado pleaded guilty involves crack-cocaine. Mr. Celado admitted to distributing a certain quantity of cocaine base. If the drugs were treated as mere powder cocaine, Mr. Celado's guidelines would be significantly lower, thus exposing him to a prison sentence below that which was contemplated in the original plea agreement.

The sentencing landscape has meaningfully changed since Mr. Celado pleaded guilty. Given the change in policy at the DOJ, the government has agreed to

renegotiate the plea agreement, thus presenting a strong possibility that Mr. Celado could receive a lower prison sentence.

## Conclusion

The court should allow the defendant to withdraw his plea so that he and the government can renegotiate and submit a modified plea agreement. There is "fair and just reason" to allow the defendant to withdraw his plea. The government does not oppose the motion.

Respectfully submitted,
Angel Celado,
By his attorney,

Date: December 22, 2021

*/s/ Henry Fasoldt*
Henry Fasoldt, BBO #667422
185 Devonshire Street
Boston, MA 02110
henry@bostondefenselaw.com
617-338-0009 – office
617-784-3312 – cell

**CERTIFICATE OF SERVICE**

I hereby certify that this document, filed through the ECF system, will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) on December 22, 2021.

/s/ *Henry Fasoldt*
Henry Fasoldt

**CERTIFICATE OF CONFERENCE**

I hereby certify that I "conferred and have attempted in good faith to resolve or narrow the issue" of continuing the Sentencing hearing under Local Rule 7.1(a)(2). In a conversation with AUSA Michael Crowley, the government stated that it agrees to the motion.

/s/ *Henry Fasoldt*
Henry Fasoldt